ALGENON L. MARBLEY, District Judge,
dissenting.
I respectfully dissent. I agree with the majority that probable cause existed to believe that Flores was the suspect who ran into the house with the gun. The officers, however, did not have probable cause to enter the home after their suspect, Flores, had exited the home, was arrested, detained, and secured. Under the Fourth Amendment, police officers need probable cause and exigent circumstances before making a warrantless entry into a home. Bailey v. Newland, 263 F.3d 1022, 1032 (9th Cir.2001) (“It is clearly established Federal law that the warrantless search of a dwelling must be supported by probable cause and exigent circumstances.”); United States v. Al-Azzawy, 784 F.2d 890, 894 (9th Cir.1986) *601 (“Probable cause alone will not support a warrantless search or arrest in a residence, however, unless some exception to the warrant requirement is also present”). Once Flores was arrested, the police officers should have obtained a warrant before searching the home. United States v. Lemus, 596 F.3d 512, 514 (9th Cir.2010) (Kozinski, J., dissenting from denial of reh’g en banc) (“If the police surround a suspect’s home, guns drawn, and order him out-and he complies-may the police go rummaging through his home without suspicion because the suspect was arrested when he was inside? Surely not.”); see also Frunz v. City of Tacoma, 468 F.3d 1141, 1146 (9th Cir.2006). Here, because there was no probable cause, the search was unlawful.